UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2023 DEC 20 PM 2: 52
US DISTRICT COURT
EASTERN DIST. TENN.

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | No. 3:23-CR-128 |
| ALEXANDER GLENN ROSS and JAMES T. MARKEY | ) ) ) | Judges: Varlan/McCook |

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this Indictment, unless otherwise specified below:

1. The Federal Aviation Administration (FAA) was an agency of the United States within the Department of Transportation, which was responsible for the regulation of civilian aviation matters in the United States and its territories. The primary concern of the FAA with regards to civilian aviation matters was safety. Federal Aviation Regulations (FAR), found within Title 14 of the Code of Federal Regulations (CFR), are enforced by the FAA.

2. The FAA will give an aircraft legally registered in the United States a designated identification number commonly referred to as a "tail number." All U.S. registered aircraft are designated by the prefix "N." This "N" registration must be displayed on the aircraft and is often painted on the tail of the aircraft.

3. FAA regulations required owners and operators of U.S. registered aircraft to submit their aircraft for certain inspections, such as annual inspections. The FAA established standards for those inspections, and required the annual inspections be performed by certified mechanics with FAA inspection authorization.

4. Mechanics certified by the FAA with inspection authority received unique license numbers from the FAA to utilize when certifying an inspection.

5. JAMES T. MARKEY was a mechanic certified by the FAA.

6. FAA certified mechanics, and those with inspection authority, were required to record and certify records of all repairs, maintenance, or inspections, including annual inspections, in the airframe and engine logbooks of the aircraft they service. Logbooks documented historical data dating back to the manufacturing date of the aircraft. Logbooks were used by FAA certified aircraft mechanics and FAA certified repair stations in performing maintenance and repairs on aircraft.

7. Defendant ALEXANDER GLENN ROSS had signatory power over the following bank account: M&T Bank account number X1704.

8. R.P. was a resident of Corryton, Tennessee.

## COUNT ONE
## Conspiracy
## (18 U.S.C. § 371)

9. Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

**The Conspiracy**

10. Beginning at an unknown date, but from at least April 15, 2022, and continuing to at least February 27, 2023, the exact date being unknown to the Grand Jury, in the Eastern District of Tennessee and elsewhere, defendants ALEXANDER GLENN ROSS and JAMES T. MARKEY did knowingly and willfully combine, conspire, confederate, and agree together to commit an offense against the United States, that is, to knowingly and with intent to defraud, falsify or conceal material facts and make materially fraudulent representations and false writings, entries,

certifications, documents, and records concerning aircraft parts in a matter affecting interstate commerce, in violation of Title 18 Unites States Code, Section 38(a)(1)(C) and (b).

## Manner and Means

It was part of the conspiracy that:

11. Defendant ALEXANDER GLENN ROSS advertised aircraft for sale over the internet, claiming that said aircraft had certified annual inspections although no such inspections were performed in order to conceal material facts concerning aircraft parts.

12. Defendant JAMES T. MARKEY prepared and signed certifications for annual inspections of aircraft reflecting that he performed the annual inspection, even though he had not performed the annual inspection and his certification was false.

13. Defendant ALEXANDER GLENN ROSS received payments from customers for aircraft based, in part, upon their certified annual inspections, by wire transfers, even though the annual inspections were not performed.

## Overt Acts

In furtherance of the conspiracy and to accomplish its purposes and objects, one or more of the defendants committed and caused to commit at least one of the following overt acts:

14. ALEXANDER GLENN ROSS utilized the internet website Barnstormers.com to advertise aircraft N6522Q as for sale.

15. On or about April 23, 2022, JAMES T. MARKEY made entries into aircraft N6522Q's records, documenting that he had performed the necessary inspections and maintenance on aircraft N6522Q, when in fact JAMES T. MARKEY had not performed the stated inspections or maintenance.

16. Between on or about April 23, 2022, and June 21, 2022, JAMES T. MARKEY provided the false logbook entries for aircraft N6522Q's inspections and maintenance to ALEXANDER GLENN ROSS.

17. Between on or about May 29, 2022, and June 12, 2022, ALEXANDER GLENN ROSS communicated with R.P. through cellular phone text messages regarding the sale of aircraft N6522Q as advertised on Barnstormers.com.

18. On or about June 21, 2022, R.P. and ALEXANDER GLENN ROSS agreed to the purchase of aircraft N6522Q.

19. ALEXANDER GLENN ROSS provided R.P. with a document titled, "100 Hour/Annual Inspection Checklist Single Engine," dated April 15, 2022. That document identified aircraft N6522Q. Under the column for "Mechanic" appeared the initials "AR" under many of the inspections activities, including "Check Oil Filter/Install New Oil Filter" and "Check Battery Replacement Dates of ELT (emergency locator transmitter) and In Remote Switch."

20. ALEXANDER GLENN ROSS accepted a wire transfer from R.P.'s bank for the purchase of aircraft N6522Q.

21. On or about June 12, 2022, ALEXANDER GLENN ROSS delivered aircraft N6522Q to R.P. in Knoxville, Tennessee.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Fraud Involving Aircraft Parts
### (18 U.S.C. § 38(a)(1)(A) and (b))

22. Between on or about at least April 15, 2022, and continuing to least on or about June 21, 2022, in the Eastern District of Tennessee and elsewhere, the defendant, ALEXANDER GLENN ROSS, knowingly and willfully, in a manner in an affecting interstate commerce, and with the intent to defraud R.P., falsified or concealed a material fact concerning any aircraft or

space vehicle part, namely that N6522Q's oil filter was beyond its useful life and the emergency locator transmitter did not function.

All in violation of Title 18, United States Code, Section 38(a)(1)(A) and (b).

## COUNT THREE
## Wire Fraud
## (18 U.S.C. § 1343)

23. Paragraphs 1 through 21 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

24. On or about May 6, 2022, in the Eastern District of Tennessee and elsewhere, defendant ALEXANDER GLENN ROSS, for the purpose of executing and attempting to execute the scheme and artifice to obtain money belonging to R.P. by means of materially false and fraudulent pretenses, representations and promises, caused to be transmitted by means of a wire communication in interstate commerce, the following writings, signs, or signals: the creation of an internet advertisement for the sale of aircraft N6522Q on the website Barnstormers.com.

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
## Money Laundering
## (18 U.S.C. § 1957)

25. The allegations in paragraphs 1 through 21 of this Indictment are re-alleged and incorporated as if fully set forth herein.

26. On or about June 21, 2022, in the Eastern District of Tennessee and elsewhere, the defendant ALEXANDER GLENN ROSS, did knowingly engage or attempted to engage, in monetary transactions, that is the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as charged

in count three of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

27. The allegations above are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) (Counts One and Three).

28. Pursuant to of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of the violations alleged in Counts One and Three of this Indictment, in violation of Title 18, United States Code, Sections 371 and 1343, the defendant ALEXANDER GLENN ROSS, shall forfeit to the United States, any property constituting, or derived from, proceeds defendant obtained directly or indirectly, as the result of such violation.

29. Pursuant to 18 U.S.C. § 38(d)(l), upon conviction of the violations alleged in Count Two of this Indictment and pursuant to 18 U.S.C. § 38(a)(1)(A) and (b), the defendant, ALEXANDER GLENN ROSS, shall forfeit to the United States of America any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the offense and any property used, or intended to be used in any manner, to commit or facilitate the commission of the offense.

30. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of the violations alleged in Count Four of this Indictment, in violation of Title 18, United States Code, Section 1957, the defendant, ALEXANDER GLENN ROSS shall forfeit to the United States, any property

constituting, or derived from, proceeds defendant obtained directly or indirectly, as the result of such violation, or any property traceable to such property.

31. The property to be forfeited includes, but is not limited to, the following:

### Money Judgment:

a. A personal money judgment in favor of the United States and against the defendant ALEXANDER GLENN ROSS, for an amount equal to the proceeds the defendant personally obtained as a result of any offenses in violation of 18 U.S.C. § 38(a)(1)(A) and (b).

28. If the property described above as being subject to forfeiture as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), Title 28, United States Code, Section 2461(c).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *[signature]*
Suzanne H. Sullivan
Assistant United States Attorney