IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM |
| ALEXANDER GLENN ROSS and JAMES T. MARKEY, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Alexander Ross's Unopposed Motion for Leave to Extend Deadlines and Continue [Doc. 20], and Defendant James Markey's Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 21], both of which were filed on February 20, 2024.

Defendant Ross asks the Court to extend all deadlines and to continue the trial date [Doc. 20 p. 1]. In support of his motion, Defendant Ross states that he was indicted on December 20, 2023, arrested in Florida on January 18, 2024, and made an initial appearance before this Court on February 5, 2024 [*Id.*]. Defendant asserts that his counsel has not yet completed his investigation into the matters of this case and requires additional time to investigate to determine if any pretrial motions are appropriate as well as the necessity of witnesses or other evidence [*Id.*]. Defendant informs the Court that counsel for the Government does not object to a continuance [*Id.* at 2]. Defense counsel also confirmed with Chambers via email that Defendant Ross understands his right to a Speedy Trial and agrees to the requested continuance.

Defendant Markey requests the Court continue the motions deadline, plea deadline, and trial date [Doc. 21 p. 1]. In support of his motion, Defendant Markey asserts that he has been charged with conspiracy in Count 1 of the Indictment, which was filed on December 20, 2023, and that he made his initial appearance on January 23, 2024 [*Id.*]. Defendant Markey asserts that the Government has provided discovery to defense counsel, but Defendant Markey has provided information about additional evidence that he believes should be produced [*Id.*]. Further, counsel for Defendant Markey requires additional time to analyze discovery in order to provide constitutionally effective assistance of counsel [*Id.* at 1–2]. Finally, defense counsel has consulted with Defendant and he agrees with the motion to continue [*Id.* at 2].

Based upon the information in Defendant Ross's and Defendant Markey's motions and because the Government has no objection to a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants needs additional time to review and analyze discovery, determine if pretrial motions are appropriate, and otherwise prepare for trial. All of this cannot be done by the April 2, 2024 trial date.

The Court therefore **GRANTS** Defendant Alexander Ross's Unopposed Motion for Leave to Extend Deadlines and Continue [**Doc. 20**] and Defendant James Markey's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 21**]. The trial of this case is reset to **June 17, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that

the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on February 20, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Alexander Ross's Unopposed Motion for Leave to Extend Deadlines and Continue [**Doc. 20**] and Defendant James Markey's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 21**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **June 17, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 20, 2024**, and the new trial date of **June 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **March 20, 2024**, and responses to motions are due on or before **April 3, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 17, 2024**;

(6) the deadline for filing motions *in limine* is **June 3, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2024, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 7, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge