IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM |
| ALEXANDER GLENN ROSS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Alexander Ross's Motion to Modify and Amend Pretrial Bond Conditions [Doc. 35], filed on April 17, 2024. *See* 28 U.S.C. § 636(b). The Government opposed the motion [Doc. 38], and Defendant replied [Doc. 39]. The Court held a hearing on Defendant's Motion on April 25, 2024 [Doc. 40]. Assistant United States Attorney Suzanne Sullivan appeared on behalf of the Government. Attorney Troy Bowlin represented Defendant, who was also present. For the reasons set forth below, the Court **DENIES** Defendant's motion [Doc. 35].

**I.      BACKGROUND**

In January 2024, Defendant was indicted in the Eastern District of Tennessee on charges of conspiracy to defraud the United States, fraud involving aircraft parts, wire fraud, and money laundering [Doc. 3]. Upon his arrest in the Middle District of Florida, where he currently resides, Defendant made his initial appearance before Magistrate Judge Daniel C. Irick on January 18, 2024 [Doc. 7-1 p. 2]. The Government moved for Defendant's release [Doc. 7 p. 1]. Judge Irick released Defendant on conditions, including location monitoring using GPS monitoring equipment [*Id.* at 4–7].

Defendant made his initial appearance in this District on February 5, 2024 [Doc. 14]. At that time, Defendant was represented by Mr. Bowlin and sought modification of the conditions of his release, including specifically that the Court remove location monitoring. The Government sought to have Defendant surrender his Canadian passport and to preclude Defendant from contact with his codefendant. Defendant did not oppose the no-contact condition. Relevant to the motion currently before the Court and Defendant's renewed request that the location monitoring be removed, Mr. Bowlin asserted that the codefendant in this case, who lives in New York, is not on location monitoring, that Defendant willingly appeared in the Eastern District of Tennessee, and that Defendant has no criminal history. The Government noted that Defendant was ordered to appear in this District and asserted that the Government did not request location monitoring for the codefendant in this case. It further argued Defendant is a risk of flight based upon the nature of the charges and his ability to be mobile. In addition, the Government explained that in the Middle District of Florida, the Government sought release on conditions, including GPS monitoring, relinquishment of Defendant's passport, and that Defendant not pilot or be a passenger on any private aircraft. According to the Government, Defendant had been giving flying lessons without proper licensing and flying private aircraft in the United States with an expired or revoked Canadian license. Mr. Bowlin noted in response that all personal aircraft has been seized. After considering their requests and review of the record, the undersigned released Defendant on the conditions imposed by Judge Irick, except to add to the no-contact condition as unopposed by Defendant [Doc. 16].

Now Defendant again requests the Court remove the requirement that he use a GPS electronic monitoring device [Doc. 35 p. 1]. In support, Defendant asserts that Judge Irick required GPS monitoring despite the United States Probation Office's ("USPO") recommendation to the

2

contrary [*Id.*]. Defendant argues that his job requires him to meet with clients face-to-face and "as the summer heat increases[,] his GPS device will be visible[,]" forcing him to reveal why he is wearing the monitor "which will have an unfair and prejudicial impact on his business pre-trial" [*Id.* at 2].

The Government responded in opposition to Defendant's motion [Doc. 38]. In order to amend the conditions of release, the Government argues, the Court must find "that information exists that was not known to the movant at the time of the hearing and that has material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" [*Id.* at 2]. The Government maintains that "there has been no change in circumstances since [D]efendant's arraignment and [D]efendant remains a flight risk" [*Id.* at 1].

Defendant replied to the Government's response, arguing that he "is not a flight risk, has no criminal history, and is not a danger to the public" [Doc. 39 p. 2]. Defendant stated that the imposition of this condition "infringes upon his constitutionally protected rights to privacy, freedom of movement, and the presumption of innocence" [*Id.*]. Defendant therefore maintains that the GPS monitoring is "unnecessarily burdensome and does not align with the principle of least restrictive means" [*Id.*].

The Court held a hearing on Defendant's motion on April 25, 2024 [Doc. 40]. At the hearing, Mr. Bowlin argued that Defendant is not a flight risk or danger to the community, and the GPS monitor is unduly burdensome on Defendant. In particular, Mr. Bowlin asserted that the monitor is causing Defendant psychological agitation and infringing on his ability to conduct his business because his clients will be able to see the GPS monitor as the weather changes. He argued location monitoring does not minimize the risk of nonappearance and that requiring Defendant to

3

continue meeting twice a week with his supervisor from the USPO would sufficiently mitigate any risk of nonappearance he may pose. He proffered to that end that the USPO officer in Florida does not believe that location monitoring is needed for Defendant. Mr. Bowlin further noted that Defendant has no criminal history, no history of failing to appear before this Court or any others, and owns residential and business property in Florida.

      AUSA Sullivan noted that the Government asked Judge Irick to add GPS monitoring as a condition of Defendant's release and argued that this condition remains necessary to assure Defendant's appearance in Court and is the least restrictive means to do so. She noted that this Court agreed by imposing the same conditions as Judge Irick, and argued that Defendant poses a risk of nonappearance due to his lack of ties to this District, as well as that he is subject to deportation if convicted, is not a United States citizen, and refused to provide contacts to verify the background information he reported to probation upon his arrest. The Government reiterated that to amend Defendant's conditions, the Court must find that there is new and material information related to his risk of flight. She argued compliance with the conditions of his release and being inconvenienced by the GPS monitor are not new and material. Further, she argued, Defendant knew but did not argue against this condition at his initial appearance despite being aware of the change in seasons and the impact the monitor would have on his business. AUSA Sullivan also asserted that Defendant is in the United States on a B2 Visa, which she stated is a tourist visa and does not permit the holder to be employed or operate a business; hence, she argued, Defendant is not to be employed or operate a business with which location monitoring would interfere.

      In response, Mr. Bowlin challenged AUSA Sullivan's argument regarding a B2 Visa. He also argued three pieces of new and material information to warrant amendment of conditions:

4

first, that the Government provided initial discovery followed by supplemental discovery that was twice as large, which has caused the trial to be continued and thus requires Defendant be under the conditions of his release for longer than anticipated; second, that Defendant has been in compliance with his conditions of release for three months; and third, that being under these conditions for a longer period of time is taking a psychological toll on Defendant.

The Government countered that none of this constitutes a change in circumstances that was not known at the time of his initial appearance.

Following argument, the Court took the matter under advisement.

## II. ANALYSIS

According to the Government, at Defendant's initial appearance in the Middle District of Florida, the Government moved for Defendant's release on conditions, including specifically that Defendant be placed on GPS location monitoring. Judge Irick granted that request and imposed such a condition on Defendant, despite the USPO not recommending such a condition. This Court adopted the conditions imposed by Judge Irick, and imposed an additional no-contact condition that was unopposed by Defendant. Defendant now seeks to revisit the GPS location monitoring condition, and he asks the Court to remove it. Defendant does not identify a statutory provision upon which he seeks relief. The Court therefore turns to the relevant statute.

Title 18, United States Code, Section 3142 "governs whether a defendant should be released or detained pending trial." *United States v. Peguero*, No. 3:21-CR-10, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021). The Court may order that the defendant be "released on personal recognizance or upon execution of an unsecured appearance bond" or "released on a condition or combination of conditions under [§ 3142(c)]." 18 U.S.C. § 3142(a)(1)–(2). For defendants released on conditions, the "judicial officer may at any time amend the order to impose additional or

5

different conditions of release" under § 3142(c)(3). Yet, § 3142(c)(3) does not articulate a standard for how a judicial officer should evaluate a request to amend a release order to impose additional or different conditions of release. "Other courts have held that 18 U.S.C. § 3142(f)(2)'s requirement of new and material information is applicable to motions to modify conditions of release pursuant to 18 U.S.C. § 3142(c)(3)."[1] *Peguero*, at *2 (gathering cases).[2] Indeed, this is the standard the Government urges the Court to apply here, and Defendant did not argue that it should not apply. The Court therefore adopts it in consideration of whether amendment of the release order is warranted. "[W]ithout such an interpretation, 'a [d]efendant could file endless petitions to modify his conditions . . . . [and] [c]ourts do not ordinarily allow parties to file a motion previously denied over and over again[.] [Y]et without the threshold showing required in Section 3142(f)(2),

---

[1] The "new and material information" standard requires that the judicial officer

> finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). "[M]any courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the evidence was available at the time of the hearing." *United States v. Fordham*, No. 3:22-CR-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. July 21, 2022) (citing *United States v. Dillon*, 938 F. 2d 1412, 1415 (1st Cir. 1991)); *see also United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." (citations omitted)).

[2] *See, e.g.*, *United States v. Gay*, No. 420CR40026JESJEH, 2020 WL 5983880, at *2 (C.D. Ill. Oct. 7, 2020); *United States v. Kube*, No. 1:19-cr-00257-NONE-SKO, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020); *United States v. Wei Seng Phua*, No. 2:14-cr-00249-APG-PAL, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015); *United States v. Smith*, No. CR-12-1298-PHX-GMS (ECV), 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012); *United States v. Lopez*, No. 2:16-cr-00265-GMN-CWH-2, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019); *United States v. Barksdale*, No. CR S-08-0263 FCD, 2008 WL 2620380, at *2 n.3 (E.D. Cal. July 1, 2008).

nothing in the statute precludes a defendant from doing so[.]'" *Id.* (quoting *United States v. Gay*, No. 4:20-cr-40026, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020)).

At the hearing, Defendant articulated three pieces of information in support of his request for modification of his conditions of release: new discovery; compliance with conditions; and the psychological toll GPS monitoring is taking on Defendant. He also argued that wearing the GPS monitor is or will be impacting his ability to conduct his business as his clients become aware of the monitor. None of this information, however, is new and material.[3]

Defendant first argues that the Government provided initial discovery followed by supplemental discovery that was twice as large. He asserts that this lag in production required him to ask the Court to continue the trial [*See* Docs. 20, 28]. The Court granted that request [Docs. 22, 34] and most recently rescheduled trial for October 15, 2024 [Doc. 34]. Defendant maintains that at the time of his initial appearance, he was not aware that trial would be in October and thus that he would be under the conditions of his release for such a length of time. But the Court does not consider this information material, given that "[t]he length of [a defendant's] *detention* [] is not considered 'material' under 3142(f)(2)." *United States v. Smith*, 337 F.R.D. 366, 369 (N.D. Fla. 2020) (citation omitted); *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (holding that the length of "current or potential future detention" cannot "be considered under this section since it is not material to the issue of risk of flight or dangerousness" (citation omitted)); *United States v. Hofstetter*, No. 3:15-CR-27-TAV-CCS, 2017 WL 4079181, at *3 (E.D. Tenn. Sept. 14, 2017) (finding "the sheer length of time that a defendant has spent in pretrial

---

[3] The Court would likewise note that there was nothing new and material presented at the initial appearance and arraignment in this District that would have warranted a review of Defendant's conditions of release.

7

detention is not a basis for reopening a detention hearing" (citations omitted)), *on reconsideration*, No. 3:15-CR-27-TAV-CCS, 2017 WL 4293263 (E.D. Tenn. Sept. 27, 2017).

Second, Defendant contends that he has been compliance with the conditions of his release for three months. But compliance with conditions of release is expected and does not constitute new and material information warranting amendment. *See United States v. Kube*, No. 119CR00257NONESKO, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020) ("The fact that Defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing." (citing *Hare*, 873 F.2d at 799)).

Third, Defendant contends that the extended time under GPS monitoring is taking a psychological toll on him. Mr. Bowlin stated that being tracked by a GPS monitor does not have a neutral impact on Defendant as it results in "psychological agitation" as well as "physical donning of the device." But the "toll" or "inconvenience" a case has on a defendant is an insufficient circumstance under § 3142(f)(2). *See Gay*, 2020 WL 5983880, at *3 (finding "inconveniences which [] conditions present to someone on pretrial release" do not constitute "new, material information sufficient to reopen a detention hearing to consider modifying conditions of pretrial release"); *United States v. Arrington*, 2022 WL 2586501, at *4–5 (W.D.N.Y. July 8, 2022) (finding unpersuasive the argument that the defendant should be released from pretrial detention because detention was taking a toll on his mental and physical health).

Finally, Defendant argues that the weather is getting warmer where he lives in Florida, resulting in him wearing shorts that reveal his ankle monitor, interfering with his ability to do business. Yet, Defendant's employment and the weather conditions in Florida were known to Defendant at the time of his initial appearance. They do not constitute new information under

§ 3142(f)(2). *See Peguero*, 2021 WL 4811315, at *3–4 (denying motion to modify conditions of release to remove GPS monitor where the defendant failed to show conditions of employment had changed since initial appearance).

Even if one or more of these assertions would constitute new and material information, the Court finds that the current combination of conditions, which includes GPS monitoring, remain necessary to reasonably assure Defendant's appearance in Court as required and the safety of the community. 18 U.S.C. § 3142(c). Defendant is a Canadian citizen who is in the United States on a B2 Visa, which expires on May 13, 2024. While his non-citizen status alone does not show flight risk, *see United States v. Ramirez-Vaca*, 570 F. Supp. 3d 507, 510 (E.D. Ky. 2021) ("Of course, Defendant's non-citizen status, alone, is not determinative of flight risk under the [Bail Reform Act]." (citations omitted)), Defendant has significant ties to Canada and no ties to the Eastern District of Tennessee, and according to the USPO, he has traveled internationally to multiple countries throughout all seven continents, *see United States v. Wright*, 697 F. App'x 297, 298 (5th Cir. 2017) ("The court determined, however, that [the defendant's] family frequently travel with him, are familiar with living overseas, and that many other factors established to a preponderance of evidence the [defendant] was a flight risk." (citation omitted)). Further, Defendant owns and operates an aviation business and reported to the USPO that he has considerable assets, although the Court notes that Defendant proffered that his airplanes have been seized. *See United States v. Rosenschein*, No. 16-CR-4571 MCA, 2017 WL 3600739, at *1 (D.N.M. Jan. 6, 2017) ("The Court further found that [defendant] was a flight risk because of his significant ties to another country, and because he had two airplanes, a helicopter, a pilot's license, and significant assets, giving him the means to leave the country relatively easily."). Finally, if convicted, Defendant faces a lengthy sentence of up to twenty years of imprisonment as well as potential deportation. *See United States*

9

*v. King*, No. 3:22-CR-60-TAV-DCP-1, 2022 WL 3645996, at *4 (E.D. Tenn. Aug. 24, 2022) (finding that a potential term of imprisonment of five to twenty years "increases the risk of flight and warrants pretrial detention").

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Modify and Amend Pretrial Bond Conditions [**Doc. 35**].

**IT IS SO ORDERED.**

ENTER:

*[signature: Jill E. McCook]*
Jill E. McCook
United States Magistrate Judge