IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM |
| ALEXANDER GLENN ROSS, | ) |
| Defendant. | ) |

**O R D E R**

This case is before the undersigned on Defendant Alexander Ross's Unopposed Motion for Leave to Extend Plea Deadline [Doc. 78] and Motion to Strike and Corrected Motion for Leave to Extend Plea Deadline [Doc. 79], both filed on September 16, 2024. *See* 28 U.S.C. § 636(b). Defendant asks to extend the September 16 plea deadline one week to allow time for the parties to conclude plea negotiations [Doc. 78 p. 1; Doc. 79 p. 1]. It is asserted that defense counsel has had difficulty conferring with his client, who has been transported between multiple holding facilities over the last thirty days [Doc. 78 p. 1; Doc. 79 p. 1]. In his motion to strike, Defendant states that due to a misunderstanding with Government's counsel, defense counsel wrongly represented that his request was unopposed [*Id*.]. Instead, it is "not unopposed by the United States" [*Id*.].

Also on September 16, the Government responded that it opposes an extension of the plea deadline without a continuance of the October 15, 2024 trial date [Doc. 82 p. 2]. It stated that counsel for Defendant Ross and the Government "have been in active plea negotiations since on or about August 4, 2024," which is the date Codefendant Markey signed a plea agreement to an Information in a related case [*Id*. at 1]. It acknowledges that negotiations "have been frustrated by defendant's arrest for Florida state crimes" [*Id*.]. It opposes a one-week extension of the plea

deadline without a reciprocal trial continuance because it needs the full time between the plea deadline and the trial date for trial preparations [*Id*. at 2].

At a September 12, 2024 motion hearing, Defendant Ross's counsel stated that Defendant Ross opposes a trial continuance and wants to go to trial on October 15, 2024 [*See also* Doc. 81].

Defendant has shown good cause for a one-week extension of the plea deadline. According to the Government, counsel began active plea negotiations on August 4, 2024, six weeks before the current plea deadline. Defendant Ross traveled to Chicago on August 5 and was arrested in Michigan on August 6 [*See* Doc. 68, SEALED Petition for Action on Conditions of Pretrial Release, p. 2]. Defendant Ross arrived in this district and appeared before the undersigned on a petition to revoke his pretrial release on September 11, 2024 [*See* Doc. 72, Minutes]. Defendant is presently detained and housed in London, Kentucky. These circumstances support defense counsel's representation that he needs more time to confer with his client about plea negotiations.

After consideration of the parties' positions, the Court **ORDERS** as follows:

(1) Defendant Ross's Motion to Strike and Corrected Motion for Leave to Extend Plea Deadline [**Doc. 79**] is **GRANTED** for good cause shown;

(2) Defendant Ross's Unopposed Motion for Leave to Extend Plea Deadline [**Doc. 78**] is **WITHDRAWN**; and

(3) the parties' deadline for filing a plea agreement for Defendant Ross is extended one week to **SEPTEMBER 23, 2024**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge