UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:23-CR-128-TAV-JEM |
|  | ) |  |
| ALEXANDER GLENN ROSS and | ) |  |
| JAMES T. MARKEY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Alexander Ross's Motion to Sever Defendants and Adopt [Doc. 47] and Defendant James Markey's Motion to Continue Trial in Accordance with Plea Agreement [Doc. 73]. 28 U.S.C. § 636(b). These motions present a seeming Gordian knot of issues. All parties agree that Defendants Ross and Markey should not (perhaps, cannot) be tried together. None, however, agree on the path to that result. Defendant Ross asserts that he and Defendant Markey must be severed for separate trials to protect his rights to confrontation, to present a defense, and to a fair trial free of "spillover prejudice" [Doc. 47 pp. 1–2; Doc. 62 pp. 1–3; Doc. 66 pp. 2–3], and he insists that he be tried on the current trial date of October 15, 2024 [Doc. 81 pp. 2–3, 5]. Defendant Markey withdrew his motion for severance [*See* Docs. 71 & 75] but asks the Court to continue the trial just as to him (an effective severance) so that he may comply with his plea agreement in a separate case [Doc. 73 pp. 1–2; Doc. 77 pp. 1–2]. The Government agrees with a continuance for Defendant Markey but contends no legal basis exists to sever the Defendants[1] [Doc. 36 pp. 1, 10; Doc. 53; Doc. 63 p. 2; *see also* Doc. 77

---

[1] "The Government does not agree that grounds to sever exist apart from the plea agreement" [Doc. 77 p. 1].

p. 1]. After considering the parties' filings and arguments and the relevant case law, the undersigned concludes that the Defendants are properly severed for separate trials to avoid compelling prejudice and that Defendant Markey's trial should be continued to follow his sentencing hearing in case number 3:24-CR-81.

I.   BACKGROUND

On December 20, 2023, the Grand Jury returned an Indictment charging both Defendants with conspiring to falsify material facts concerning aircraft parts from at least April 15, 2022, through at least February 27, 2023 (Count One) [Doc. 3 ¶ 10]. Defendant Ross also allegedly engaged in fraud involving aircraft parts from April 15, 2022, through at least June 21, 2022 (Count Two), wire fraud on May 6, 2022 (Count Three), and money laundering on June 21, 2022 (Count Four) [*Id.* ¶¶ 22–26]. Both Defendants gave statements to law enforcement—Defendant Markey on June 7, 2023 [Doc. 62-1], and Defendant Ross at the time of his arrest on January 18, 2024 [Doc. 61-1]—each implicating the other in the alleged offenses.

On April 4, 2024, Defendant Markey moved for severance of the Defendants for separate trials pursuant to Federal Rule of Criminal Procedure 14, arguing that a joint trial created a confrontation problem and risked juror confusion from mutually antagonistic defenses [Doc. 29 pp. 1, 12–13]. As an alternative to severance, Defendant Markey urged the Court to exclude Defendant Ross's statement unless it could be redacted to remove all reference to him [*Id.* at 1, 11–12]. Defendant Ross moved to adopt Defendant Markey's motion to sever, arguing that separate trials are necessary to preserve his rights to confrontation and to a fair trial involving only that evidence pertinent to his individual case [Doc. 47 pp. 1–2]. The Government opposed severance asserting the Defendants are properly joined for trial, any potential confrontation issues

2

are premature, and the Defendants' allegations of juror confusion from purported antagonistic defenses can be cured by jury instructions [Doc. 36 pp. 6–10; Doc. 53].

The parties appeared on May 30, 2024, for a motion hearing on pending pretrial motions. Assistant United States Attorney Suzanne H. Sullivan appeared on behalf of the Government. Attorney Troy L. Bowlin, II, represented Defendant Ross, whose presence was excused. Attorney Wade V. Davies represented Defendant Markey, who was also present. Both defense counsel argued that the statements of the codefendant incriminated their clients creating a confrontation problem. They also maintained that even if the statements could be redacted, if tried jointly, each would seek to introduce their client's entire statement under Federal Rule of Evidence 106 to avoid creating a "false impression" of the substance of the statement and to present a complete defense.

AUSA Sullivan responded that both statements can be redacted to eliminate "specific instances of blaming and name-calling" sufficient to cure any prejudice for either Defendant. She argued that the statements were admissible as coconspirator statements. AUSA Sullivan also asserted that the statements did not present mutually antagonistic defenses because each statement did not exclude the possibility that both Defendants engaged in criminal activity.

Mr. Davies disagreed that the statements were admissible as coconspirator statements because neither were made in furtherance of the conspiracy, especially Defendant Ross's statement, which was made after his arrest. He also maintained that the Defendants' defenses were completely antagonistic because each blamed the other for the criminal activity. Mr. Bowlin argued that the case must be severed because the Defendants each blame the other for the criminal activity, and he would have no opportunity to cross-examine Defendant Markey about his statement in a joint trial. Defense counsel proposed that the parties create transcripts of the recorded statements and that the Government offer its proposed redactions. AUSA Sullivan agreed

to this proposal, and the Court created a timeline for preparing a transcript, the Government disclosure of its proposed redactions to defense counsel, and Defendants filing objections to the redactions, if any.

On July 10, 2024, Defendants filed objections to the proposed redactions, attaching copies of the proposed redacted statements [Docs. 61, 61-1, 62, & 62-2]. The Government responded that Defendants' motions for additional redactions to the statements are premature because the Court had not yet ruled on the motions to sever, two months remain until the plea deadline, and it is not yet clear whether either Defendant would testify at trial [Doc. 63 p. 2; Doc. 64 p. 2]. The Government proposed that the Court hold the Defendants' objections in abeyance until the deadline for motions *in limine* [Doc. 63 p. 2; Doc. 64 p. 2]. Defendant Ross objected to this proposal, stating that holding the ruling in abeyance until the motion *in limine* deadline negatively impacts his ability to prepare for trial [Doc. 66 pp. 1–2]. Defendant Markey, on the other hand, had no objection to the Government's proposal due to the likelihood that the motion to sever would become moot [Doc. 67 p. 1].

On September 4, 2024, Defendant Markey entered a guilty plea to one count of making or giving a false certificate or writing from April 23, 2022, to June 21, 2022, in case number 3:24-CR-81 ("the misdemeanor case") [*See* No. 3:24-CR-81, Doc. 5; *see also* Doc. 1]. As part of the plea agreement in the misdemeanor case, the Government agreed to move at the time of sentencing to dismiss the charges as to Defendant Markey in this case [Doc. 73 p. 1]. Defendant Markey's sentencing hearing in the misdemeanor case is set for December 12, 2024 [*Id.*]. Following entry of a guilty plea in the misdemeanor case, Defendant Markey withdrew his motion to sever in this case as moot given the Government's agreement to dismiss the charge against him [Docs. 71 & 75]. Defendant Markey also moved to continue the October 15, 2024 trial date in this case to a

date after his sentencing hearing in the misdemeanor case [Doc. 73 p. 1]. The request to continue is only as to Defendant Markey, and he argues that the continuance would further the ends of justice and that the time until the new trial date is excludable as delay resulting from other proceedings under 18 U.S.C. § 3161(h)(1) [*Id*. at 2].

The Court held a motion hearing on the pending pretrial motions on September 12, 2024. AUSA Sullivan appeared on behalf of the Government. Mr. Bowlin represented Defendant Ross, who was also present, and Mr. Davies represented Defendant Markey, whose presence was excused. Mr. Bowlin argued that Defendant Ross objected to a continuance. He also asserted that Defendant Markey remains a codefendant in this case and urged the Court to rule on his severance motion. AUSA Sullivan stated that the Government maintains its position that severance is not appropriate. She acknowledged that the Government does not want to try Defendant Markey on October 15 but asked the Court to hold the motion to sever in abeyance until after the plea deadline, noting that the Government could agree to sever closer to the trial date. Mr. Davies argued that the trial of Defendant Markey must be continued for the parties to comply with the plea agreement in the misdemeanor case. At the conclusion of the hearing, the Court took Defendant Ross's motion to sever and Defendant Markey's motion to continue the trial under advisement.

On September 13, 2024, Defendant Markey and the Government filed a Joint Supplement Regarding Defendant Markey's Motion to Continue Trial in Accordance with Plea Agreement [Doc. 77]. The Supplement provides that Defendant Markey and the Government agree "that Mr. Markey will not be tried along with Mr. Ross in this case on October 15, 2024," in compliance with the plea agreement in the misdemeanor case, but "[t]he Government does not agree that grounds to sever exist apart from the plea agreement" [*Id*. at 1]. The parties propose continuing the trial as to Defendant Markey only, alleging the same speedy trial bases as argued by Defendant

Markey in the motion to continue [*Id*. at 1–2]. While acknowledging that their proposed solution "would technically sever the codefendants," they maintain that the Court could revisit the severance issue in the unlikely event of a violation of the plea agreement in the misdemeanor case [*Id*.].

On September 16, 2024, Defendant Ross responded in opposition to the Joint Supplement [Doc. 81]. He argues that the proposed course creates uncertainty and violates his right to a fair trial by exposing him to potential "prejudicial spillover" from Defendant Markey's unresolved charges in this case and plea agreement in another case [*Id*. at 1, 3–5]. He contends that the Court should, instead, grant severance to "eliminate[] the risk of spillover prejudice from Mr. Markey's plea agreement," which could "creat[e] the perception that [Defendant Markey's] plea implicates [Defendant Ross]" [*Id*. at 5]. Defendant Ross also asserts his right to a speedy trial, arguing that he is entitled to proceed to trial on October 15, 2024 [*Id*.].

## II. ANALYSIS

The issues before the Court lie at the intersection of the right to a speedy trial and the right to a fair trial. The Government and Defendant Markey invite the Court to sidestep the severance issue by continuing the trial only as to Defendant Markey without severing the Defendants. But "[w]hen 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *United States v. Grant*, No. 3:21-CR-44, 2022 WL 2116409, at *2 (W.D. Ky. June 13, 2022) (quoting *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002)). Excluded from the speedy trial clock is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and *no motion for severance has been granted*." 18 U.S.C. § 3161(h)(6) (emphasis added). Here, a motion to sever is pending and must be addressed. Accordingly, the Court turns to that issue first.

### A. Severance

Defendant Ross moves the Court to sever him for a separate trial on all counts [Doc. 47].[2] He asserts that Defendant Markey gave a statement to law enforcement that incriminates him and that admission of this statement in a joint trial would violate his rights under the Confrontation Clause pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) [*Id.*]. He argues that Defendant Markey's statement cannot be redacted such that it removes all reference to him [Doc. 62 p. 2; Doc. 66 p. 3]. He also contends that he and Defendant Markey must be severed because their statements reveal they are advancing mutually antagonistic defenses that will confuse the jury [Doc. 66 pp. 2–3]. Finally, Defendant Ross contends that a joint trial would cause undue "prejudicial spillover, where the jury could conflate the evidence against each defendant, leading to unjust conclusions" [*Id.* at 3; *see also* Doc. 81 pp. 3–4].

Severance of jointly indicted defendants for separate trials "is an extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Powell v. United States*, No. 20-1782, 2021 WL 613416, at *2 (6th Cir. Jan. 4, 2021) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (observing that "severance is not the norm"). Joint trials are favored because they are more efficient and reduce the risk of inconsistent verdicts. *Tisdale*, 980 F.3d at 1094 (citations omitted). Joint trials are particularly favored in conspiracy cases. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993).

---

[2] As discussed above, Defendant Ross also moved to adopt [Doc. 47 p. 1] Defendant Markey's Motion to Sever Defendants [Doc. 29]. While Defendant Markey's motion is now withdrawn, the Court finds that Defendant Ross has adopted and separately advanced Defendant Markey's arguments for severance.

7

Rule 14 of the Federal Rules of Criminal Procedure permits severance of properly joined defendants if the joinder "appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864–66 (6th Cir. 1983). Whether to grant severance or to fashion some other remedy is a matter of the Court's discretion. *United States v. Gjokaj*, 555 F. App'x 581, 587 (6th Cir. 2014) (citing *Zafiro*, 506 U.S. at 538–39).

The party asserting prejudice bears a "heavy burden." *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009). Severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from Sixth Circuit cases). Severance under Rule 14(a) is appropriate to alleviate "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Serrano-Ramirez*, 811 F. App'x 327, 335 (6th Cir. 2020) (quoting *Zafiro*, 506 U.S. at 539). In this regard, "juries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.2d 142, 147 (6th Cir. 1996)).

Defendant Ross argues that the preference for joint trials must give way in his case because (1) a joint trial would violate his rights under the Confrontation Clause, (2) the Defendants' mutually antagonistic defenses will confuse the jury, and (3) the "spillover prejudice" from the allegations and evidence against Defendant Markey will prevent the jury from reliably deciding his case.

8

Case 3:23-cr-00128-TAV-JEM   Document 90   Filed 09/26/24   Page 8 of 15   PageID #: 445

Defendant Ross alleges a joint trial is prejudicial because of the potential for a *Bruton* violation [Doc. 47 pp. 1–2; Doc. 62 p. 2]. "The Confrontation Clause protects defendants from the introduction at trial of incriminating out-of-court statements made by nontestifying codefendants." *United States v. Reed*, 72 F.4th 174, 186 (6th Cir. 2023) (citing *Bruton*, 391 U.S. at 136–37). "An accused is deprived of his rights under the Confrontation Clause when the confession of a nontestifying codefendant that implicates the accused is introduced into evidence at their joint trial." *Cope*, 312 F.3d at 780 (citing *Bruton*, 391 U.S. at 137). A *Bruton* violation is not cured by instructing the jury to consider the statement only as to the codefendant who made it. *Id.* (citation omitted).

A potential *Bruton* problem is resolved if the codefendant making the statement testifies and is thereby subject to cross-examination or if the nontestifying codefendant's statement can be redacted to remove all reference to Defendant. *United States v. Bailey*, Nos. 19-2280, 19-2281, 19-2354 & 20-1235, 2022 WL 2444930, at *15 (6th Cir. July 5, 2022) (observing that a *Bruton* issue is cured when the government redacts "'all reference' to anyone other than the confessing defendant" and the court provides a limiting instruction (quoting *Richardson v. Marsh*, 481 U.S. 200, 203, 211 (1987))), *cert denied*, 143 S. Ct. 340 (2022); *United States v. Gills*, 702 F. App'x 367, 382 (6th Cir. 2017) (holding that in a multi-defendant trial, a nontestifying codefendant's statement may be admitted "where the confessing defendant testifies, or where the confession does not implicate any co-defendant" (citing *Cruz v. New York*, 481 U.S. 186, 190 (1987))). The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Bailey*, 2022 WL 2444930, at *15 (quoting *Richardson*, 481 U.S. at 211). "A redaction which simply

9

replaces a name with an obvious blank space or a word such as 'deleted' still violates the Confrontation Clause." *Id*. (quoting *Gray v. Maryland*, 523 U.S. 185, 192 (1998)) (cleaned up). But a redaction that eliminates any reference to the defendant and incriminates only when connected to other evidence does not. *Id*.; *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir. 2016) (citations omitted).

For the reasons stated below, the Court is severing Defendants Ross and Markey for separate trials. It therefore need not determine whether Defendant Markey's statement can be redacted to remove any reference to Defendant Ross's existence.[3] Indeed, severance, which is the relief Defendant Ross requests [Doc. 62 p. 2], removes the potential for a *Bruton* problem. *See Bailey*, 2022 WL 2444930, at *15. And if Defendant Markey testifies in Defendant Ross's separate trial, he will be subject to cross-examination, alleviating the confrontation problem.

Defendant Ross also seeks a severance because he and Defendant Markey have antagonistic defenses in that each is blaming the other for the alleged criminal activity. The existence of antagonistic defenses alone is not sufficient for severance. *Weiner*, 988 F.2d at 634. Instead, "to prevail on a motion to sever, a defendant must show that the antagonism will mislead or confuse the jury." *Id*. (citation omitted). Here, the risk of prejudice from antagonistic defenses is eliminated by separate trials for the Defendants. But even if the Defendants were still proceeding to trial together, the jury is presumed to be able to separate the evidence applicable to each Defendant. *Caver*, 470 F.3d at 238 (citing *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996)). Moreover, that presumption is bolstered by the Defendants' distinct roles in the alleged conspiracy. Defendant Markey is a licensed aviation mechanic who

---

[3] The Court makes no finding on the admissibility of Defendants' statements, which is a matter better addressed in a motion *in limine*.

performs inspections on airplanes [Doc. 3 ¶¶ 5, 12]. Defendant Ross is alleged to have sold airplanes [*Id*. ¶¶ 11, 13]. Accordingly, the existence of antagonistic defenses is not a basis for severance.

Finally, Defendant Ross states that a joint trial in which the jury considered the allegations and evidence against Defendant Markey would result in unfair spillover prejudice [Doc. 81 pp. 3–5]. He asserts that his only chance for a fair trial is for the Court to sever him from Defendant Markey so that he can be judged on the evidence that applies to him alone [*Id*. at 2]. Severance, however, is not likely to shield Defendant Ross from the evidence relating to Defendant Markey because they are charged in a conspiracy. *See United States v. Moore*, No. 6:17-CV-25, 2019 WL 112311, at *3 (E.D. Ky. Jan. 4, 2019); *see also Zafiro*, 506 U.S. at 540 ("A defendant normally would not be entitled to exclude the testimony of a former codefendant if the district court did sever their trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant."). It is well settled that "'[c]onspirators are generally held liable for the known or foreseeable acts of their co-conspirators committed in furtherance of the conspiracy.'" *Moore*, 2019 WL 112311, at *3 (quoting *United States v. Walton*, 908 F.2d 1289, 1299 (6th Cir. 1990)). An instruction for the jury to consider each conspirator's guilt independently is typically sufficient to cure the risk of "spillover prejudice." *Id*. (collecting cases). As discussed above, the Defendants' distinctive roles in the conspiracy supports a finding that the jury can evaluate the guilt of each independently.[4]

---

[4] Defendant Ross raises only Defendant Markey's plea agreement as a specific item of evidence creating the potential for juror confusion, arguing that Defendant Markey's admission of guilt could cause the jury to believe he is also implicated [Doc. 81 p. 5]. Exclusion of the fact of Defendant Markey's plea agreement in the misdemeanor case is a matter better addressed in a motion *in limine*.

11

In sum, none of Defendant Ross's arguments for severance are availing under the unique circumstances of this case. Yet, Rule 14 provides for severance if the joint trial would prejudice the government. Here, if the Government is required to try Defendants Ross and Markey together on October 15, an outcome which it seeks to avoid, it will violate the terms of the plea agreement in the misdemeanor case. Thus, a joint trial would cause compelling prejudice to the Government. But "even where prejudice is shown, Rule 14 does not require severance; 'rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.'" *United States v. Vasquez*, No. 6:22-CR-017, 2023 WL 3324674, at *13 (E.D. Ky. May 9, 2023) (quoting *Zafiro*, 506 U.S. at 539); *see* Fed. R. Crim. P. 14(a) (providing that if joinder "appears to prejudice" a party, the court may sever defendants for separate trials or "provide any other relief that justice requires"). In tailoring the appropriate relief, the Court must balance the prejudice to the party "against the often equally compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." *United States v. Vasquez*, 2023 WL 3324674, at *13 (quoting *Corbett v. Bordenkircher*, 615 F.2d 722, 725 (6th Cir. 1980)). Here, duplicate trials are unlikely because the Government does not intend to prosecute Defendant Markey in this case.

Accordingly, the Court finds severance of Defendants Ross and Markey for separate trials an appropriate exercise of its discretion under the unique circumstances of this case, which include the position of all parties that separate trials are appropriate and compelling prejudice to the Government if the Defendants are not severed. Defendant Ross's motion to sever [Doc. 47] is granted in part, in that the Defendants are severed for separate trials, but it is denied in all other respects.

B. **Continuance**

Defendant Markey moves the Court to continue the October 15, 2024 trial date solely as to him to allow the parties time to comply with the terms of the plea agreement in the misdemeanor case [Doc. 73]. He contends that the plea agreement provides that the Government will move to dismiss his sole charge in this case at the time of sentencing in his misdemeanor case, which is set for December 12, 2024 [*Id*. at 1]. Defendant Markey asks that his trial be reset to a date after his sentencing hearing, arguing that such continuance would conserve judicial resources and further the ends of justice [*Id*. at 2]. He maintains that all time until his new trial date is excludable under the Speedy Trial Act as "delay resulting from other proceedings concerning the defendant" pursuant to 18 U.S.C. § 3161(h)(1) [*Id*.]. The Government joins in this motion [Doc. 77].[5]

Based upon the information in Defendant Markey's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant Markey and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would result in a miscarriage of justice because it would compromise the parties' compliance with the terms of the plea agreement in the misdemeanor case. *See id*. § 3161(h)(7)(B)(i). The Court also finds that the time from Defendant Markey's September 4, 2024 change of plea hearing through his December 12, 2024 sentencing hearing in the misdemeanor

---

[5] While Defendant Ross opposes a continuance, by way of this Memorandum and Order he is severed from Defendant Markey and may proceed to trial on October 15, 2024. Because Defendant Ross is no longer joined for trial with Defendant Markey, the Court need not determine whether the basis for the delay in Markey's trial is reasonable as applied to Defendant Ross. *See* 18 U.S.C. § 3161(h)(6) (excluding time based upon the reasonable need of a codefendant with whom a defendant is joined for trial and no motion to sever has been granted).

13

case is excludable in this case as "delay resulting from other proceedings concerning the defendant, including . . . delay resulting from trial with respect to other charges against the defendant." *Id*. § 3161(h)(1)(B). Courts interpret what constitutes a "proceeding" under § 3161(h)(1) broadly. *Sylvester v. United States*, 868 F.3d 503, 511 (6th Cir. 2017) (citing *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989)); *see also United States v. Smith*, 510 F. App'x 390, 394 (6th Cir. 2013) (noting that under the Speedy Trial Act, "[c]ourts are given discretion to accommodate delays for case-specific needs" (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006))). Moreover, excludable delay under subsection (h)(1)(B) includes time awaiting sentencing on other charges. *United States v. Robinson*, 887 F.2d 651, 656–57 (6th Cir. 1989) (analyzing excludable delay in bringing indictment).

Defendant Markey's motion to continue his trial to a date after his sentencing hearing in his misdemeanor case is granted. The Court finds all time between Defendant Markey's September 4, 2024 entry of a guilty plea in case number 3:24-CR-81 and the new trial date for Defendant Markey is fully excludable under the Speedy Trial Act. *See id*. § 3161(h)(1)(B) & (h)(7)(A)–(B). The Court will contact the parties to determine a new trial date, plea deadline, and other relevant dates. It will enter a new scheduling order for Defendant Markey with the new trial date and schedule.

## IV. CONCLUSION

The Court finds that severance of Defendants Ross and Markey for separate trials is appropriate under the unique circumstances of this case. Additionally, Defendant Markey's trial in this case is properly continued to a date following his sentencing hearing in case number 3:24-CR-81. For the reasons discussed herein, the Court **ORDERS** as follows:

14

(1) Defendant Ross's Motion to Sever Defendants and Adopt [**Doc. 47**] is **GRANTED in part** in that the Defendants are **SEVERED** for separate trials, and is otherwise **DENIED**;

(2) Defendant Ross remains set for trial before United States District Judge Thomas A. Varlan **on October 15, 2024 at 9:00 a.m.**;

(3) Defendant Markey's Motion to Continue Trial in Accordance with Plea Agreement [**Doc. 73**] is **GRANTED**, and the separate trial for Defendant Markey is **CONTINUED** to a date after his sentencing hearing in case number 3:24-CR-81;

(4) the Court will contact the parties and set a new trial date and related deadlines for Defendant Markey in a separate scheduling order; and

(5) all time between Defendant Markey's entry of a guilty plea in case number 3:24-CR-81 and the new trial date for Defendant Markey is fully excludable under the Speedy Trial Act for the reasons stated herein.

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

15

Case 3:23-cr-00128-TAV-JEM   Document 90   Filed 09/26/24   Page 15 of 15   PageID #: 452