# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM-1 |
| | ) |
| ALEXANDER GLENN ROSS, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION TO AMEND THE
ORDER OF FORFEITURE FOR MONEY JUDGMENT
TO INCLUDE SPECFIC SUBSTITUTE ASSETS**

The United States moves to Amend the Order of Forfeiture for Money Judgment to include the following properties as substitute assets in partial satisfaction of the Defendant's $100,000.00 money judgment:

(a)  The real property located at 3198 Tohopekaliga Drive, Saint Cloud, Florida 34772-7544, with all appurtenances, improvements, and attachments thereon.

Part of Lot 17, Block 27, Kissimmee Park, being more particularly described as follows:

Beginning at the intersection of the Westerly line of Lot 17, Block 27, of Kissimmee Park, as filed and recorded in Plat Book 1, Page 41, Public Records of Osceola County, Florida, and the North line of Osceola County right of way, said right of way line being 10.0 feet North of the projected South line of Section 24, Township 26 South, Range 29 East, run thence East along said right of way line 150.0 feet; thence run North 13 degrees 25 minutes East, 49.42 feet; run thence North 87 degrees 47 minutes 32 seconds West, 148.17 feet to the Westerly line of Lot 17, run thence South 14 degrees 05 minutes 30 seconds West, 55.0 feet to the Point of Beginning; Together with that portion of vacated Lake Shore Boulevard abutting the above described property.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining. To Have and to Hold, the same in fee simple forever.

> For further reference see deed recorded on April 6, 2023, in Book 6382, Page 1977 in the Register of Deeds for Osceola County, Florida conveying the real property to Alexander Glenn Albert Ross, a single man.

(b) 1979 Bellanca Citabria 7ECA, (N5056T), seized on July 22, 2024, at the DeLand Municipal Airport.

In support of this motion, the United States asserts:

1. On December 20, 2023, a federal grand jury sitting in the Eastern District of Tennessee returned an Indictment [Doc. 3] in the above-referenced case, charging Defendant Alexander Glenn Ross, and another, with wire fraud in violation of 18 U.S.C. § 1343 (Count Three), in addition to other charges.

2. In the forfeiture allegations of the Indictment, the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of the Defendant's interest in any property, real or personal, constituting or traceable to the proceeds of any violation of 18 U.S.C. § 1343.

3. A Plea Agreement [Doc. 118] was filed on October 15, 2024. On October 21, 2024, the Defendant pled guilty to Count Three, as charged in the Indictment and agreed to facts sufficient to support the plea. The Defendant agreed to a personal money judgment, representing the proceeds the Defendant personally obtained as a result of the offense in violation of 18 U.S.C. § 1343.

4. November 26, 2024, this Court entered an Order of Forfeiture for Money Judgment [Doc. 122] for a personal money judgment against the Defendant, Alexander Glenn Ross, and in favor of the United States in the amount of $100,000.00, which represents the proceeds the Defendant personally obtained as a result of violations of 18 U.S.C. § 1343.

5. By this motion, the United States seeks to forfeit the Defendant's interest in the above real property and airplane in partial satisfaction of the Defendant's outstanding money judgment.

6. Rule 32.2(e)(2)(A) F.R.Cr.P. provides "If the government shows that the [substitute] property is subject to forfeiture under Rule 32.2(e)(1), the court must . . . amend an existing preliminary or final order to include it" even though such property is not subject to direct forfeiture. *United States v. Bryson*, 105 Fed.Appx. 470, 475, 2004 WL 1637371, **3 (4th Cir. 2004) ("Because the properties listed in the forfeiture order were designated as substitute assets, the government was not required to show that the specific seized assets were acquired . . . with tainted funds.").

7. Rule 32.2(e)(1)(B) F.R.Cr.P. provides "the court may at any time . . . amend an existing order of forfeiture to include . . . substitute property that qualifies for forfeiture under an applicable statute."

8. Substitute property qualifying for forfeiture under 21 U.S.C. § 853(p)(2) is any property of the Defendant, up to the value of property subject to direct forfeiture. The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p) and Rule 32.2(e), which allows the United States to seek forfeiture of substitute assets up to the amount of the forfeiture money judgment. Specifically, Rule 32.2(e)(1)(B) provides that on the United States' motion, the Court may at any time enter an order of forfeiture to include property that is substitute property that qualifies for forfeiture under an applicable statute.

9. The term "substitute assets" refers to property that the Government is unable to link to a crime giving rise to the forfeiture, but which may be forfeited in substitution for such property if the directly forfeitable property cannot be located or is otherwise unavailable. Specifically, 21 U.S.C. § 853(p) provides that if, as a result of any act or omission of the

3

defendant, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; or has been commingled with other property which cannot be divided without difficulty.

10. Once the Government establishes the unavailability of directly forfeitable property, the Court must order the forfeiture of substitute property up to the value of the directly forfeitable property. 21 U.S.C. § 853(p)(2). This provision provides a tool to aid in forfeitures where the defendant no longer has the actual dollars or any traceable property in his possession that was derived from proceeds of the offense he committed. There is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. § 853 and Rule 32.2(e)(1). *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts could not carve out exceptions to the statute); *United States v. Gallion*, No. 2: 07–39–DCR, 2009 WL 2242413, *3 (E.D. Ky. July 24, 2009) (following *Fleet*; when the statute says that any property of defendant may be forfeited as a substitute asset, it means exactly what it says.)

11. Upon the issuance of the forfeiture money judgment, the United States became entitled to seek forfeiture of any of the Defendant's assets up to the amount of $100,000.00 in satisfaction of the judgment. *See United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment.). Therefore, pursuant to 21 U.S.C. § 853(p), any property of the Defendant, including the properties identified herein, is forfeitable as a substitute asset until the money judgment is satisfied. The proceeds from the properties identified herein will go toward satisfaction of the Defendant's money judgment.

For the reasons stated above, the United States requests that the Court, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(b)(2) and (e)(1)(B), enter an Amended Order of Forfeiture to

include the real property located at 3198 Tohopekaliga Drive, Saint Cloud, Florida 34772-7544, with all appurtenances, improvements, and attachments thereon, and the 1979 Bellanca Citabria 7ECA, (N5056T) identified herein in partial satisfaction of the Defendant's forfeiture money judgment.

Upon issuance of the Amended Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the properties and will publish notice on the internet at www.forfeiture.gov of its intent to forfeit the above-described properties. Determining whether a third party has any interest in the above-describe properties must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of the real property located at 3198 Tohopekaliga Drive, Saint Cloud, Florida 34772-7544, with all appurtenances, improvements, and attachments thereon, and the 1979 Bellanca Citabria 7ECA, (N5056T) identified herein, and to order any other substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By:    *s/Daniel P. Nugent*
DANIEL P. NUGENT
Assistant United States Attorney
DC Bar No. 499927
800 Market Street, Suite 211
Knoxville, Tennessee 37902
daniel.nugent@usdoj.gov
(865) 545-4167