UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM-1 |
| ALEXANDER GLENN ROSS, | ) |
| Defendant. | ) |

## STATUS REPORT

Comes now the United States of America by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Daniel P. Nugent, Assistant United States Attorney, and pursuant to the Court's Order [Doc. 135] entered on the docket on January 21, 2025, submits the following Status Report:

1. On December 20, 2023, a federal grand jury sitting in the Eastern District of Tennessee returned an Indictment [Doc. 3] in the above-referenced case, charging Defendant Alexander Glenn Ross, and another, with wire fraud in violation of 18 U.S.C. § 1343 (Count Three), in addition to other charges. In the forfeiture allegations of the Indictment, the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of the Defendant's interest in any property, real or personal, constituting or traceable to the proceeds of any violation of 18 U.S.C. § 1343.

2. A Plea Agreement [Doc. 118] was filed on October 15, 2024. On October 21, 2024, during the Rule 11 hearing, the defendant pled guilty to Count Three, as charged in the Indictment and agreed to facts sufficient to support the plea. The Defendant agreed to a personal money judgment, representing the proceeds the Defendant personally obtained as a result of the offense in violation of 18 U.S.C. § 1343.

3. The record made during the Rule 11 hearing established that the United States is entitled to the entry of a judgement ordering the defendant to pay a money judgment.

4. On November 20, 2024, the United States filed a Motion for Entry of Order of Forfeiture for Money Judgment [Doc. 121]. On November 26, 2024, this Court entered an Order of Forfeiture for Money Judgment [Doc. 122] in favor of the United States and against the Defendant in the amount of $100,000. In the order this Court stated that the United States may, at any time, move pursuant to Federal Rule of Criminal Procedure 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $100,000.00 to satisfy the money judgment in whole or in part. (Order, Doc. 122, at 2 ¶ 3).

5. On December 5, 2024, the United States filed a Motion to Amend the Order of Forfeiture for Money Judgment to Include Substitute Assets [Doc. 126]. The Motion specifically included real property located at 3198 Tohopekaliga Drive, St. Cloud, FL 34772 and one 1979 Bellanca Citabria 7ECA, (N5056T), seized on July 22, 2024, at the DeLand Municipal Airport.

6. On December 10, 2024, the Defendant filed a Response to United States' Motion to Amend Order of Forfeiture and Limited Objection to Amount [Doc. 127] in which an objection was made to the calculation of the forfeiture money judgment and inclusion of substitute assets.

7. On January 6, 2025, the Government filed a Response [Doc. 130] to the Defendant's Objection to the Motion to Amend Order of Forfeiture for Money Judgment to Include Substitute Assets. In the Response the Government requested that, prior to scheduling a hearing, the court allow ten days for a meeting with defense counsel to take place to address any outstanding concerns. Should the United States and Defendant remain unagreeable as to the forfeiture money judgment amount, then the parties will report back to the court within that time

2

frame. Further, the United States requested that if a hearing is required that it be allowed to present evidence and argue for a money judgment amount in excess of $100,000.

8. On January 21, 2025, the Court entered an Order [Doc. 135] for the parties to meet and confer regarding the forfeiture money judgment amount within ten (10) days of the entry of the order and referred the matter to United States Magistrate Judge, Jill E. McCook, for consideration and determination or report and recommendation, as may be appropriate. Additionally, the parties were directed to file a joint status report noting the outcome of the meeting. The United States submits the following status report in compliance with the Court's order.

9. The United States discussed with defense counsel, Troy Bowlin, that both forfeiture and restitution are mandatory in this case. The United States proposed that if Defendant would agree to a forfeiture amount in the PSR consistent to the restitution amount that undersigned counsel for the United States would seek Attorney General approval to apply any forfeited funds to the restitution. If approved by the Attorney General, this would negate defendant from having to pay separately a forfeiture money judgment and restitution.

10. The forfeiture in this case extends to the amount defendant gained from the entire scheme and is not limited to one plane. *United States v. Venturella*, 585 F.3d 1013, 1015, 1016-17 (7th Cir. 2009) (forfeiture in a mail fraud case "is not limited to the amount of the particular mailing but extends to the entire scheme;" defendant's guilty plea to one substantive count involving $477 rendered her liable for a money judgment of $114,000). See also *United States v. Shah*, 702 F. Supp. 3d 737, 748 (N.D. Ill. Nov. 15, 2023) (where counts of conviction alleged a wire fraud scheme, forfeiture is not limited to wired amount in specific counts but is based instead on "proceeds of the entire fraud scheme").

3

11. Defense counsel stated that it would not be wise at this juncture for Defendant to resolve the forfeiture in the proposed manner prior to the determination from this Court regarding Defendants objections to the calculation of the victim's restitution in the PSR. Consequently, forfeiture remains unresolvable at this point.

12. With respect to the joint status the parties continue to disagree with the calculation of the forfeiture and restitution. The United States proposes filing an amended motion for preliminary order which fully encompasses the amount of defendant's gain. If the court finds sufficient, it may enter the order without a hearing. Otherwise, the court may order a hearing to be scheduled in advance of the sentencing to allow for an entry of a preliminary order of forfeiture prior to sentencing. With Restitution the court is allowed up to 90 days post sentencing for an entry of an order under 18 U.S.C. 3664(d)(5). However, this Court cannot wait until after sentencing to enter the order of forfeiture.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: *s/Daniel P. Nugent*
DANIEL P. NUGENT
Assistant United States Attorney
DC Bar No. 499927
800 Market Street, Suite 211
Knoxville, Tennessee 37902
daniel.nugent@usdoj.gov
(865) 545-4167