UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-128-TAV-JEM |
| | ) | |
| ALEXANDER GLENN ROSS, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This case is before the undersigned on the United States's Motion to Amend the Order of Forfeiture for Money Judgment to Include Specific Substitute Assets [Doc. 126], initially referred to the undersigned on January 21, 2025 [Doc. 135] and again referred on March 31, 2025 [Doc. 146]. *See* 28 U.S.C. § 636(b). In his second referral order, United States District Judge Thomas A. Varlan stated the entry of the parties' Agreed Order to Restrain Defendant from Dissipating Assets [Doc. 145] does not "limit or preclude" the undersigned's determination or recommendations on the substance of the Government's referred motion before sentencing [Doc. 146 p. 2].[1]

The Court finds the referred motion and Defendant's response and objection to the amount of the money judgment [Doc. 127] raise two primary issues: (1) the appropriate amount of the

---

[1] The undersigned previously adjourned the evidentiary hearing on the referred motion and Defendant's objection to the amount of the money judgment to allow the parties to meet and confer on an agreement that could potentially moot the referred motion [Doc. 141 p. 2]. On March 18, 2025, the parties filed a Joint Motion for Agreed Restraining Order on Alexander Glenn Ross' Real Property [Doc. 144] and proposed agreed order to restrain Defendant from dissipating this asset [Doc. 144-1]. District Judge Varlan entered the Agreed Order to Restrain Defendant from Dissipating Assets, relating to Defendant's Florida residence (one of the two proposed substitute assets) [Doc. 145], but directed that determination of the forfeiture issues may proceed [Doc. 146 p. 2].

money judgment and (2) whether Defendant's residence and a designated aircraft are appropriate substitute assets. Regarding the first issue, the Court's November 26, 2024 Order on Forfeiture for Money Judgment states that in his Plea Agreement, "Defendant agreed to a personal money judgment, representing the proceeds the Defendant personally obtained as a result of the offense in violation of 18 U.S.C. § 1343" [Doc. 122 p. 1]. It further states the amount of the money judgment is $100,000, which "represent[s] the proceeds the Defendant personally obtained as a result of the Defendant's violations of 18 U.S.C. § 1343" [*Id*. at 2].

Defendant objects to the "calculation of the $100,000 money judgment" arguing the forfeiture amount is limited to his "actual financial gain" [Doc. 127 pp. 1–2]. The Government responds that the statutes governing forfeiture "mandate forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of [§ 1343]" [Doc. 130 pp. 1–2 (citing 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))]. It contends that "[w]hen a defendant is convicted of a scheme to defraud in violation of the mail or wire fraud statutes, he must forfeit the proceeds of the entire scheme" [*Id*. at 6 (citing *United States v. Venturella*, 585 F.3d 1013, 1015–17 (7th Cir. 2009)); *see also* Doc. 136 p. 3]. The Government asserts that the $100,000 money judgment is approximately one-tenth of Defendant's gain in "nearly a million-dollar fraud scheme" [Doc. 130 p. 7] and request the opportunity to argue for a greater amount at the evidentiary hearing [*Id*. at 9; Doc. 136 pp. 2–3].

The undersigned finds that clarifying the parties' positions on the scope of the proceeds the Defendant personally obtained from the § 1343 offense will assist in efficiently completing the evidentiary hearing. The Government contends that this amount extends to the entire scheme to defraud [Doc. 130 p. 6; Doc. 136 p. 3]. Defendant has not yet responded directly to this contention.

2

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Ross is **ORDERED** to respond to the Government's argument that he must forfeit the proceeds of the entire scheme to defraud [Doc. 130 p. 6; Doc. 136 p. 3], with citation to legal authority, and to state his position on the appropriate method of calculating the money judgment, on or before **April 16, 2025**;

(2) the Government is **ORDERED** to file a reply to Defendant's supplemental brief on or before **April 23, 2025**; and

(3) after receiving the parties' briefs, the Court will contact the parties to schedule the completion of the evidentiary hearing.

**IT IS SO ORDERED**.

ENTER:

Jill. E. McCook
United States Magistrate Judge