# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CR-128-TAV-JEM-1 |
| ) | |
| ALEXANDER GLENN ROSS, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States now moves for a Preliminary Order of Forfeiture condemning and forfeiting the Defendant's interest in certain properties identified in the forfeiture allegations of the Indictment, for the reasons set forth below.

On December 20, 2023, an Indictment [Doc. 3] was filed in the above-referenced case, charging Defendant Alexander Glenn Ross, and another, with wire fraud in violation of 18 U.S.C. § 1343 (Count Three), in addition to other charges.

In the Forfeiture Allegations of the Indictment, the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of the interests of the Defendant in any property, real and personal, which constitutes or is derived from proceeds traceable to the offense in violation of 18 U.S.C. § 1343 set forth in the Indictment.

A Bill of Particulars for Forfeiture of Property [Doc. 27] was filed on March 21, 2024, wherein the United States gave notice that it is seeking forfeiture of additional properties, in addition to the properties as set forth in the forfeiture allegations of the Indictment.

A Plea Agreement [Doc. 118] was filed on October 15, 2024. On October 21, 2024, the Defendant pled guilty to Count Three, as charged in the Indictment and agreed to facts sufficient to support the plea.[1] Based upon the guilty plea of the Defendant for a violation of 18 U.S.C. § 1343 as set forth in the Indictment, the properties listed below are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Further, the United States has established the requisite nexus between the properties and the offense charged in the Indictment, to which Defendant pled guilty.

Accordingly, the United States files this Motion asking the Court to enter a Preliminary Order of Forfeiture condemning and forfeiting the Defendant's interest in the properties listed below to the United States:

(a) 1958 PA18 Piper Super Cub floatplane (N8787D), seized on January 18, 2024, at 3198 Tohopekaliga Drive, St. Cloud, FL 34772;

(b) 1946 Piper J3C-65 floatplane (N6210H), seized on January 18, 2024, at 3198 Tohopekaliga Drive, St. Cloud, FL 34772;

(c) 1972 Bellanca 7ECA Citabria (N68515), seized on January 19, 2024, at 921 Biscayne Boulevard, Hangar E-14, DeLand, FL 32724; and

(d) 1979 Bellanca Citabria 7ECA (N5056T), seized on July 22, 2024, at DeLand Municipal Airport, 1000 Flight Line Blvd, DeLand, FL 32724.

Defendant in his plea agreed not to object or withdraw any objection to any administrative, civil or criminal forfeiture brought against these properties. [Doc. 118 p.6]. With respect to the 1972 Bellanca 7ECA Citabria aircraft, Defendant previously asserted that "This

---

[1] The Defendant agreed to entry of a money judgment in his Plea Agreement [Doc. 118] but now has contested the amount. The money judgment will be addressed in a separate Order of Forfeiture, which will become final at sentencing. The Court has scheduled the continuation of the forfeiture evidentiary hearing on June 10, 2025, to address the calculation of the money judgment forfeiture. The United States intends to file a motion to amend the money judgment order of forfeiture [Doc. 122] to reflect the amount proven during the evidentiary hearing.

particular aircraft is not even registered to him and is owned by a third party." [Doc. 127 p. 3]. *See United States v. Grossman*, 501 F.3d 846, 849 (7th Cir. 2007) (proceeds of the crime, or property traceable thereto, are always subject to forfeiture, even if held in the name of a third party; the rule that criminal forfeiture orders cannot reach the property of third parties is not violated because under the relation back doctrine, the transfer of the proceeds to a third party is void).

Wherefore, for the reasons stated above, the United States respectfully requests that the Court grant the Motion and enter a Preliminary Order of Forfeiture.

A proposed Preliminary of Forfeiture is submitted herewith.

        Respectfully submitted,

        FRANCIS M. HAMILTON III
        United States Attorney

By:    *s/Daniel P. Nugent*
      DANIEL P. NUGENT
      Assistant United States Attorney
      DC Bar No. 499927
      800 Market Street, Suite 211
      Knoxville, Tennessee 37902
      daniel.nugent@usdoj.gov
      (865) 545-4167