| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CR-128-TAV-JEM-1 ) |
| ALEXANDER GLENN ROSS, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is the government's Motion to Restrain Defendant, Along with Any Agents, Representatives, or Co-Owners, from Dissipating or Encumbering Assets [Doc. 163]. The Court ordered expedited briefing in this matter [Doc. 164], and defendant filed an untimely[1] response [Doc. 167]. Counsel for defendant makes no attempt to show good cause for his untimeliness, which is sufficient ground to disregard his filing. *See United States v. Johnson*, 844 F. App'x 838, 840 (6th Cir. 2021) (affirming district court's dismissal of an untimely motion where counsel failed to show good cause). Nevertheless, for the reasons set forth below, even if the Court considers defendant's untimely response, the government's motion [Doc. 163] will be **GRANTED**.

---

[1] Specifically, the Court ordered defendant to "file a response, if any, to the government's motion [Doc. 163] by no later than Monday, June 23, 2025, at 12:00 p.m." [Doc. 164]. Defendant filed his response at 9:56 p.m. on June 23 [Doc. 167].

## I. Background

On October 21, 2024, defendant pled guilty[2] to Count Three and agreed to pay both a money judgment and restitution [Doc. 118, 120]. Specifically, he agreed to "forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or defendant's nominees that constitute or are traceable to the proceeds of violations of 18 U.S.C. § 1343," which expressly included "a personal money judgment" [Doc. 118 ¶ 9]. Additionally, defendant agreed to "assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture, including aircraft seized by Department of Homeland Security Investigation" [*Id.*]. He further agreed to "cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate" [*Id.*].

With respect to restitution, defendant agreed to immediately pay the full fine and/or restitution amount, including by "setoff of federal payments, execution on non-exempt property, and any other means the United States deems appropriate" [*Id.* ¶ 10].

On November 26, 2024, the Court entered an Order of Forfeiture for Money Judgment in the amount of $100,000 [Doc. 122, p. 2]. This Order stated that "[t]he United States may, at any time, move pursuant to Federal Rule of Criminal Procedure 32.2(e) to

---

[2] The Court notes that defendant has filed a Motion to Set Aside Guilty Plea and Plea Agreement [Doc. 165], to which the Court has ordered an expedited response [Doc. 166]. The Court must proceed for now under the assumption that his guilty plea remains valid.

amend this Order of Forfeiture to substitute property having a value not to exceed $100,000.00 to satisfy the money judgment in whole or in part" [*Id.*]. And, as contemplated by this Order, the government did move to amend the Order of Forfeiture [Doc. 126], which the undersigned referred to the Honorable Jill E. McCook, United States Magistrate Judge [Doc. 135].

On March 31, 2025, the Court entered an Agreed Order to Restrain Defendant from Dissipating Assets [Doc. 145]. The Court enjoined defendant and others from alienating real property located at 3198 Tohopekaliga Drive, Saint Cloud, Florida 34772 (the "Florida property") [*Id.* at 4].

Finally, on June 16, 2025, the Court entered a Preliminary Order of Forfeiture, addressing forfeiture of four aircraft separately from the money judgment [Doc. 161].

## II. Legal Standard

This Court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The United States Court of Appeals for the Sixth Circuit has held that the Act "authorize[s] a district court to issue any subsequent order in furtherance of an initial order as long as the initial order was lawful," noting that "even if a court properly issues its initial order, it may not use the All Writs Act to issue a subsequent order to effectuate the first order if the subsequent order is itself unconstitutional." *United States v. Perry*, 360 F.3d 519, 534 (6th Cir. 2004). Although the Court has not been made aware of Sixth Circuit case law

3

addressing the use of the All Writs Act in this specific context, other district courts have considered similar applications.

For example, the United States District Court for the Eastern District of Virginia entered an order pursuant to the Act that, among other things, restrained "defendant and others acting in concert with him from transferring, selling or engaging in any other action that would decrease the value of defendant's property." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 589 (E.D. Va. 2004). The court intended this to "ensure that defendant's property would be available for restitution." *Id*. at 593. The Eastern District of Virginia concluded that a court may enter a restraining order pursuant to the Act only when "(i) by doing so, the court will give effect to a previously issued order and (ii) there is reason to believe that the restraining order is necessary for payment of a fine or restitution." *Id*. at 599 (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)).

### III. Analysis

In brief, the government suspects, based upon recent jail communications, that defendant is engaged in "an orchestrated plan to defeat forfeiture and the availability of funds for restitution to victims" [Doc. 163, p. 2; *see* Doc. 163-1]. In order to preserve assets that are potentially available to satisfy defendant's money judgment and/or restitution obligations, the government moves to restrain defendant, along with any agents, representatives, or co-owners, from encumbering or dissipating assets [Doc. 163, p. 1].

Responding in opposition, defendant argues that the government has failed to demonstrate that all of the assets it now seeks to freeze are directly traceable to his criminal

4

offense [Doc. 167, p. 1]. He further contends that restraining "untainted property" would violate his due process rights because the government has not offered adequate proof [*Id*. at 2]. Finally, defendant claims that the government's motion is an attempt to relitigate matters already resolved by entry of the parties' Agreed Order to Restrain Defendant from Dissipating Assets [*Id*. at 3].

There appears to be some confusion regarding the nature of the government's request, and perhaps the nature of defendant's financial obligations more generally. "Forfeiture and restitution are distinct remedies. Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity. Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain." *United States v. Daoud*, 976 F. Supp. 2d 945, 947 (S.D. Ohio 2013) (quoting *United States v. Boring*, 557 F.3d 707, 714 (6th Cir. 2009)). Defendant agreed to *both* forfeiture and restitution obligations in his Plea Agreement [*see* Doc. 118]. In his response, defendant focuses on legal standards governing the identification of specific assets in forfeiture only, without addressing restitution [*see* Doc. 167, p. 1 (citing *Honeycutt v. United States*, 581 U.S. 443 (2017)) (nowhere discussing restitution)].

The Court has issued several previous Orders that satisfy the first prong of the All Writs Act as to both of defendant's financial obligations. *See Perry*, 360 F.3d at 534. With respect to forfeiture, the Order of Forfeiture for Money Judgment [Doc. 122] imposes a $100,000 liability on defendant, which may be modified with substitute assets, including

5

the Florida property, pending resolution of the government's motion [Doc. 126]. Additionally, the Court's Preliminary Order of Forfeiture forfeited defendant's rights in four aircraft [Doc. 161]. With respect to restitution, the Agreed Order to Restrain Defendant from Dissipating Assets [Doc. 145] specifically addressed only the Florida property—not the broader array of assets at issue in the instant motion.[3] In sum, the Court has previously issued Orders addressing both forfeiture and restitution, including defendant's assets.

The Court has also been presented with unrebutted evidence suggesting that a restraining order may be necessary to ensure defendant's ability to pay his financial obligations. Special Agent Matthew DeVane of the United States Department of Transportation submits evidence that defendant has continued to dissipate assets that he owns or control after entering custody on August 6, 2024 [Doc. 163-1, p. 5]. As recently as this month, recorded phone calls suggest that defendant has discussed moving or liquidating a variety of assets with family and friends, including bank accounts and aircraft [*see id*. at 7–9]. At the same time, only after being ordered by this Court to comply with the government's financial information request [*see* Doc. 159], defendant's financial disclosures appear to the government [Doc. 163-1, p. 8]—and to this Court—less than forthcoming [*see, e.g.*, *id*. at 15 (stating "CHASE" in response to Charge Accounts and

---

[3] Although the Court stated that its primary intent was "that defendant pay full restitution as agreed in his plea and that his assets be preserved for this purpose," the parties' Agreed Order also noted that "[f]unds in the aforementioned escrow account shall be held pending a determination of forfeiture and/or restitution" [Doc. 145, pp. 3–4].

Lines of Credit field with no other identifying information)]. Defendant's response nowhere attempts to rebut the government's allegations regarding his failure to disclose information, nor does he offer an alternative explanation for his communications with others regarding these assets.

The Court concludes that it is necessary to enjoin defendant and others from further dissipating assets to effectuate and ensure compliance with its previous Orders related to forfeiture and restitution. *See* 28 U.S.C. § 1651; *Perry*, 360 F.3d at 534. This Order does not forfeit additional assets belonging to defendant, nor will it permanently deprive him of the opportunity to dispose of his assets; rather, it preserves the status quo of defendant's assets so that his financial obligations may ultimately be satisfied. Accordingly, the government's motion [Doc. 163] is hereby **GRANTED**.

## IV. Conclusion

Upon thorough consideration and for good cause shown, the government's motion [Doc. 163] is **GRANTED**. It is hereby **ORDERED** that:

1. Defendant, along with any agents, representatives, or co-owners, are hereby restrained from encumbering, liquidating, selling, trading, transferring, or otherwise disposing of any assets except those which are necessary to pay for normal, customary, and reasonable expenses unless defendant obtains permission from the United States of America, through the United States Attorney's Office for the Eastern District of Tennessee, or this Court orders otherwise.

2. The United States of America shall serve a copy of this order on any institution, entity or individual that the United States has reason to believe may be in control or possession of any property in which defendant may have any financial interest.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE