UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:23-CR-128-TAV-JEM |
| ALEXANDER GLENN ROSS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's Motion to Set Aside Guilty Plea and Plea Agreement [Doc. 165]. Defendant moves the Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2), to withdraw his guilty plea and set a trial date. The government responded in opposition [Doc. 169], and defendant replied [Doc. 172]. For the reasons explained below, defendant's motion [Doc. 165] will be **DENIED**.

**I.     Background**

On December 20, 2023, a grand jury indicted defendant for conspiracy to commit wire fraud (Count One), fraud involving aircraft parts (Count Two), wire fraud (Count Three), and money laundering (Count Four) [Doc. 3]. On October 15, 2024, defendant signed a plea agreement in which he agreed to plead guilty to Count Three of the indictment [Doc. 118 ¶ 1]. The defendant appeared before the Court on October 21, 2024, and officially changed his plea of not guilty to a plea of guilty [Doc. 120].

Defendant's sentencing was initially set for February 11, 2025 [*Id.*]. Sentencing was later reset to July 8, 2025, and has been subsequently continued (*see infra* Section III).

Following disclosure of the Presentence Investigation Report ("PSR") on January 7, 2025 [Sealed Doc. 131], defendant filed numerous objections [Doc. 134]. Separately, the parties litigated matters pertaining to forfeiture and restitution as recently described in the Court's Memorandum Opinion and Order restraining defendant from dissipating or encumbering assets [*See* Doc. 168]. During his cross-examination at a recent forfeiture hearing before the Honorable Jill E. McCook, United States Magistrate Judge, defendant stated for the first time that he intended to withdraw his guilty plea [Doc. 162] and filed the instant motion shortly thereafter [Doc. 165].

**II.     Analysis**

    **A.     Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)**

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1)     before the court accepts the plea, for any reason or no reason; or
>
> (2)     after the court accepts the plea, but before it imposes sentence if:
>
>     (A)     the court rejects a plea agreement under Rule 11(c)(5); or

2

Case 3:23-cr-00128-TAV-JEM   Document 174   Filed 07/14/25   Page 2 of 16
PageID #: 1086

> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted the defendant's guilty plea. Accordingly, the defendant must show a "fair and just reason" to withdraw his guilty plea under Rule 11(d)(2)(B). Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Id*. at 1003 (citation omitted). In *United States v. Bashara*, the United States Court of Appeals for the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

3

> (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by statute on other grounds*, U.S.S.G. §3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*).

The factors listed in *Bashara* are "a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed until the defendant establishes a fair and just reason for vacating his guilty plea. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal."). Although the *Bashara, Alexander*, and *Spencer* courts were operating under the then-controlling Federal Rule of Criminal

4

Procedure 32(e),[1] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d at 281; *Valdez*, 362 F.3d at 912. The Court will therefore address each of the *Bashara* factors in determining whether defendant has demonstrated a fair and just reason for withdrawal of his guilty plea.

B. **Application of the *Bashara* Factors**

1. **Amount of Time Elapsed and Valid Reason for Failing to Move to Withdraw Earlier**

With respect to the first two factors, defendant asserts that, after his change of plea hearing, he "has not delayed in filing this motion and brings it at the earliest practicable time following the discovery of the withheld evidence and the government's breach of the plea agreement" [Doc. 165, p. 6]. Specifically, he asserts that "suppressed discoverable material" was only brought to his attention during the testimony of Special Agent Matthew DeVane during the forfeiture hearing on March 7, 2025 [Doc. 172, pp. 5–6].

The government argues that this factor weighs strongly against defendant as he has had numerous prior opportunities to withdraw his guilty plea and has declined to

---

[1] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *superseded by rule as stated in United States v. Mendez-Santana*, 645 F.3d 822, 826 (6th Cir. 2011).

5

do so [Doc. 169, p. 8]. It notes that "it was only during defendant's cross-examination at the continued forfeiture hearing . . . that he moved to withdraw his guilty plea," thereby "suggest[ing] that defendant's motion is motivated by tactical reasons rather than a genuine desire" to withdraw his plea [*Id*. at 8–9].

Regarding the amount of time that has elapsed between the plea and the motion to withdraw, the Court notes that defendant pleaded guilty on October 21, 2024, and filed the present motion to withdraw on June 20, 2025—a span of approximately eight months. Even if the Court accepted defendant's assertion that he only became aware of potential grounds for withdrawal during the March 7, 2025, forfeiture hearing, over 100 days elapsed between this hearing and the filing of defendant's instant motion. The Court notes that, as the government argues and defendant acknowledges, the Sixth Circuit has routinely upheld denials of motions to withdraw in cases with periods of time of eight months or much shorter elapsing. *See United States v. Taylor*, 336 F. App'x 478, 482–83 (6th Cir. 2009) (upholding denial of a defendant's motion to withdraw plea when six months had elapsed between the guilty plea and the motion); *Valdez*, 362 F.3d at 912–13 (holding that a 75 day delay justified the denial of the defendant's motion to withdraw his plea); *United States v. Durham*, 178 F.3d 796, 798–99 (6th Cir. 1999) (noting that the "strongest factor" supporting the district court's denial of motion to withdraw was the 77 day time period between guilty plea and filing of motion).

6

Based on this precedent, the Court concludes that the timing of defendant's delay does not weigh in favor of granting the motion. Defendant was arrested in January 2024, then he signed a plea agreement in October 2024, so a significant period of time transpired during which he could contemplate and discuss with counsel whether to plead or go to trial in the first place. While the Court recognizes defendant's allegations regarding discovery,[2] the Court finds that the stated reasons for the time elapsed and failing to move to withdraw earlier, which are the first and second *Bashara* factors, simply do not amount to a substantial and justified reason that would support withdrawal of his guilty plea.

### 2. Whether Defendant Has Maintained His Innocence and Circumstances Surrounding the Guilty Plea

The Court now considers whether defendant has maintained his innocence as well as the circumstances surrounding his guilty plea. The Court notes that during his change of plea hearing on October 21, 2024, the Court asked defendant a series of questions regarding the charges against him and his understanding of the consequences of pleading guilty, in accordance with Rule 11(b).

Specifically, the Court asked defendant (1) whether he had ample opportunity to discuss the charges against him with his lawyer—to which he responded "Yes, I have,"

---

[2] The parties litigated pre-trial discovery extensively in this case, including in the context of defendant's motion to dismiss the indictment [Doc. 92]. In her Memorandum Opinion, Judge McCook determined that a short continuance of trial adequately remedied the government's untimely disclosure of some materials [Doc. 115].

7

Case 3:23-cr-00128-TAV-JEM    Document 174    Filed 07/14/25    Page 7 of 16
PageID #: 1091

(2) whether his lawyer was fully aware of all of the facts on which the charge is based—to which he responded "Yes, Your Honor," and (3) whether his lawyer had specifically advised him as to every element of the charged offenses that the government must prove beyond a reasonable doubt in order to convict him of these charges offenses—to which he responded "He has." In addition, the Court asked defendant if his lawyer had explained the terms of his plea agreement to him—to which defendant responded, "He has," and indicated that he was satisfied with his lawyer's advice and representation. Further, the Court asked whether defendant had discussed any applicable forfeiture and restitution with his lawyer, to which defendant stated, "We have, Your Honor." The Court also asked defendant if he understood that he was giving up his right to a trial by jury, and defendant agreed that he understood.[3]

After the government's counsel read the charges, elements, facts supporting the plea, and possible punishments, defendant stated that he heard these recitations and agreed that is what he did, stating "I do." Further, defendant pled guilty to Count Three of the indictment, stating that he was pleading guilty because he was in fact guilty. Finally, the following exchange between the Court and defendant took place:

> THE COURT: Do you also understand you'll not be permitted to withdraw your plea on the basis of the sentence you might receive?

---

[3] More specifically, defendant stated that he understood that the right to trial encompasses "the right to see and hear all the witnesses and have them cross-examined in [his] defense." Despite this express waiver, defendant now cites his inability to "challenge the credibility of buyers, the existence of loss, or the nature of representations made" as grounds to permit the withdrawal of his guilty plea [*See* Doc. 165, p. 4].

8

THE DEFENDANT: Yes, Your Honor.

Thereafter, based upon the observations of defendant and his answers to the questions, the Court accepted his pleas of guilty and found that he did so knowingly and voluntarily. The plea hearing was routine, and defendant did not express any reservations in entering the guilty pleas. In fact, at the conclusion of this hearing, defense counsel moved the Court to release defendant pending sentencing on the grounds that "he's accepted responsibility" and "pled before Your Honor today."

With regard to the third and fourth factors, defendant asserts that he "has continuously asserted his innocence" [Doc. 165, p. 3]. Specifically, he contends that he "challenged the basis for the government's allegations, disputed any knowing participation in fraudulent activity, and objected to the government's overreach in attributing criminal conduct" at a forfeiture hearing held on June 17, 2025 [*Id*.]. He also argues that his decision to plead guilty came only after the government threatened to expand the contents of the indictment, attaching email correspondence to that end [Doc. 172, p. 2; Doc. 172-1].

The government contends that defendant asserted his innocence for the first time at the recent forfeiture hearing [Doc. 169, p. 12]. In particular, it points to defendant's previously filed objections to the presentence report, which did not contest any of the

factual allegations contained in the report [*Id.*; *see* Docs. 131, 134]. The government submits recorded phone conversations of defendant in support [Doc. 169, p. 12].[4]

Given defendant's admission that he engaged in the conduct set forth in the plea agreement, and in light of his responses to the Court's questioning, the Court finds that the defendant did not assert or maintain his innocence during the change of plea hearing. *See Ellis*, 470 F.3d at 285 (withdrawal is not warranted for a defendant who has "repeatedly acknowledged his guilt"); *United States v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003) (finding no error where district court concluded that defendant had not maintained innocence when he admitted to engaging in conduct during plea hearing). Moreover, a defendant needs to show "vigorous and repeated protestations of innocence" to support a motion to withdraw a guilty plea. *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (citation omitted). The Court cannot ignore that defendant's assertion of innocence occurred during a forfeiture hearing, which was held approximately five months after the probation officer disclosed the presentence report, and he certainly has not made declarations of his innocence repeatedly.

Nor does the Court find anything regarding the circumstances of his guilty plea to be such as to weigh in favor of withdrawal, including his reference to the

---

[4] The Court need not consider these recordings to reach its judgment as to defendant's motion. Although defendant argues the government's manual filing of these recordings constitutes "late disclosure," citing Federal Rule of Criminal Procedure 16(a)(1)(B) [*See* Doc. 172, p. 5], each recording appears to have been made on June 17 or 18, 2025, only one week prior to the government's filing.

government's negotiating tactics prior to his acceptance of the plea agreement. Specifically, the Sixth Circuit has considered and rejected a similar argument that the government's threat to move for enhanced penalties amounts to a valid reason to withdraw a guilty plea. *See Mader*, 251 F.3d at 1105 (affirming district court's denial of defendant's motion to withdraw guilty plea). Thus, the Court finds that the third and fourth *Bashara* factors do not weigh in favor of permitting defendant to withdraw his guilty plea.

### 3. Defendant's Nature/Background and Experience with the Criminal Justice System

The Court next turns to defendant's nature and background and, similarly the degree to which defendant has prior experience with the criminal justice system. As noted in the PSR, defendant is 29 years old, has been married, is a flight school graduate, and has obtained his pilot's license in Canada [Sealed Doc. 131]. Defendant does not appear to argue specific factors related to his background in favor of his motion [*See* Docs. 165, 172].

The government argues that defendant's nature and background weight against his motion [Doc. 169, p. 15]. It emphasizes his education, training, stable childhood, and lack of mental or emotional health issues [*Id.*]. As for experience with the criminal justice system, the government notes his interactions with the Canadian judicial system demonstrate that he "is no neophyte" [*Id.* at 16].

A defendant's intelligence, sophistication, and understanding of the plea are relevant to a court's analysis of this factor. *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion to withdraw plea because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea); *see also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007). Based on the facts set forth above, the Court finds that the defendant is fairly educated and has the capacity to understand the nature and meaning of a guilty plea. His background reveals that he was "capable of understanding the consequences of his guilty plea" and he has "not argued that he did not understand the proceedings." *United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013). Consequently, defendant's nature and background, which is the fifth *Bashara* factor, do not favor permitting the plea withdrawal.

In considering defendant's degree of familiarity with the justice system, which is the sixth *Bashara* factor, the Court similarly concludes that defendant's past interactions with the criminal justice system do not weigh in favor of permitting defendant to withdraw his guilty plea.

### C. Whether the Government Breached the Plea Agreement

Although defendant cites the government's alleged breach of the plea agreement in connection with the *Bashara* factors, this argument invokes a distinct body of law that warrants separate consideration. "In determining whether a particular plea

12

Case 3:23-cr-00128-TAV-JEM    Document 174    Filed 07/14/25    Page 12 of 16
PageID #: 1096

agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993) (quoting *United States v. Carbone*, 739 F.2d 45, 46 (2d Cir. 1984)) (internal citation omitted). "When the prosecution breaches a plea agreement, the breach 'may be remedied by either specific performance of the agreement or by allowing the defendant to withdraw the plea.'" *Id*. (quoting *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990)) (citing *Santobello v. New York*, 404 U.S. 257, 262-63 (1971)). Typically, courts address allegations of breach at sentencing, particularly since plea agreements do not "bind the district court at all" prior to their formal acceptance. *United States v. Simmonds*, 62 F.4th 961, 966 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 163 (2023).

Here, defendant argues that the government breached its plea agreement because "[t]he agreement contemplated a forfeiture judgment and was clear that forfeiture was restricted to traceable proceeds, not substitute property" [Doc. 165, p. 4]. By moving to amend the forfeiture order and seeking substitute property, he contends that the government is in breach [*Id*.]. Specifically, he argues that the government "ignores 'traceable' entirely out of the agreement and seeks to retroactively convert a limited plea into an open-ended forfeiture instrument" [Doc. 172, p. 5].

The government responds by citing paragraph nine of the plea agreement, which provides that:

13

> Unless otherwise limited by an agreed preliminary order of forfeiture, Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or defendant's nominees that constitute or are traceable to the proceeds of violations of 18 U.S.C. § 1343. The forfeiture includes but is not limited to the following: Defendant agrees to a personal money judgment against the defendant and in favor of the United States which represents the proceeds the defendant personally obtained as a result of an offense in violation of 18 U.S.C. § 1343.

[Doc. 118 ¶ 9; *see* Doc. 169, p. 10]. Based on the plain meaning of this provision, the government contends that its actions related to forfeiture fall within the scope of the parties' agreement [Doc. 169, p. 10]. Additionally, the government argues that any time a defendant agrees to forfeiture of the proceeds of his crime he implicitly agrees to forfeiture of substitute assets if it cannot recover property directly traceable to the crime's proceeds [*Id.* at 11].

Based on the record presently before the Court, it does not appear that the government breached the plea agreement. The above-quoted paragraph does not prevent the government from seeking substitute assets to satisfy a forfeiture money judgment. Other courts confronting this question in connection to similar plea agreement provisions have concurred. *See, e.g.*, *United States v. Fabian*, 798 F. Supp. 2d 647, 681 (D. Md. 2011) (holding that the "government was not obligated under the plea agreement to limit the amount of forfeiture it would seek" based on a similar provision); *United States v. Patel*, No. 23-CR-166, 2024 WL 1856409, at *5 (D.D.C. Apr. 24, 2024) (holding that "[u]nder the plea agreement, [defendant] had no reasonable

14

Case 3:23-cr-00128-TAV-JEM   Document 174   Filed 07/14/25   Page 14 of 16
PageID #: 1098

expectation that the government would not pursue" additional unlawfully obtained proceeds); *see also United States v. Yancey*, 707 F. App'x 342, 345 (6th Cir. 2017) (affirming district court's denial for relief from post-judgment forfeiture, quoting a similar plea agreement provision).

It is worth noting that despite defendant's present assertion that the government breached the plea agreement in part when it moved to include "high-value substitute assets such as the Florida property," the Court previously entered an *Agreed* Order, signed by counsel for both parties, restraining alienation of the Florida property [Doc. 145, p. 4]. In sum, the Court is not persuaded that the government has breached the parties' plea agreement such that defendant is entitled to withdraw his plea on this ground. *See Skidmore*, 998 F.2d at 375.

## III. Conclusion

After consideration of the *Bashara* factors, the Court concludes that defendant has not demonstrated a fair and just reason for vacating his plea under Rule 11(d)(2).[5] The Court has also evaluated and rejected defendant's allegation that the government breached its plea agreement. Accordingly, defendant's Motion to Set Aside Guilty Plea and Plea Agreement [Doc. 165] is hereby **DENIED**. Judge McCook's chambers will contact counsel to schedule the continuation of the evidentiary hearing on forfeiture

---

[5] Because defendant has not presented a fair and just reason for permitting him to withdraw his plea, the Court need not address the seventh *Bashara* factor, prejudice to the government. *See Goddard*, 638 F.3d at 495 (finding that, because defendant had not established a fair and just reason to permit withdrawal, whether the government would have been prejudiced was immaterial).

matters. The undersigned's chambers will thereafter contact counsel to re-schedule sentencing.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE