UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-128-TAV-JEM-1 |
| | ) | |
| ALEXANDER GLENN ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ORDER OF FORFEITURE

Before the Court is the government's Motion to Amend the Order of Forfeiture for

Money Judgment to Include Specific Substitute Assets as partial satisfaction of the

Defendant's $100,000.00 money judgment:

(a) The real property located at 3198 Tohopekaliga Drive, Saint Cloud, Florida 34772-7544, with all appurtenances, improvements, and attachments thereon.

Part of Lot 17, Block 27, Kissimmee Park, being more particularly described as follows:

Beginning at the intersection of the Westerly line of Lot 17, Block 27, of Kissimmee Park, as filed and recorded in Plat Book 1, Page 41, Public Records of Osceola County, Florida, and the North line of Osceola County right of way, said right of way line being 10.0 feet North of the projected South line of Section 24, Township 26 South, Range 29 East, run thence East along said right of way line 150.0 feet; thence run North 13 degrees 25 minutes East, 49.42 feet; run thence North 87 degrees 47 minutes 32 seconds West, 148.17 feet to the Westerly line of Lot 17, run thence South 14 degrees 05 minutes 30 seconds West, 55.0 feet to the Point of Beginning; Together with that portion of vacated Lake Shore Boulevard abutting the above described property.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining. To Have and to Hold, the same in fee simple forever.

For further reference see deed recorded on April 6, 2023, in Book 6382, Page 1977 in the Register of Deeds for Osceola County, Florida conveying the real property to Alexander Glenn Albert Ross, a single man.

(b)     1979 Bellanca Citabria 7ECA, (N5056T), seized on July 22, 2024, at the DeLand Municipal Airport.

Being fully advised of the record, the Court hereby finds that a forfeiture money judgment was entered against the Defendant in the amount of $100,000.00 and that the United States is entitled, pursuant to 21 U.S.C. § 853(p), to forfeit substitute assets to satisfy that money judgment.

Accordingly, it is hereby **ORDERED**, **ADJUGED**, and **DECREED** that:

1.     For good cause shown, the United States' motion [Doc. 126] is **GRANTED**.

2.     Pursuant to the provisions of 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, the Defendant's interest in the properties described herein, is hereby forfeited to the United States for disposition according to law.

3.     The United States shall credit the Defendant's forfeiture money judgment with the proceeds from the substitute asset.

4.     Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall give notice of its intent to dispose of the forfeited property in such a manner as the United States Attorney General may direct.  The Notice shall provide that any person other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the

2

Court within sixty days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

5.      The notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

6.      The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

7.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Submitted by:

FRANCIS M. HAMILTON III
United States Attorney

By:     *s/Daniel P. Nugent*
        DANIEL P. NUGENT
        DC Bar No. 499927
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        daniel.nugent@usdoj.gov
        (865) 545-4167

4